**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**MELVIN CARSON**                                                                                              **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 4:12CV-P132-M**

**LADONNA THOMPSON, COMMISSIONER** *et al.*                     **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Melvin Carson's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a convicted inmate at the Eastern Kentucky Correctional Complex, filed a complaint pursuant to 42 U.S.C. § 1983, against LaDonna Thompson, Commissioner of the Department of Corrections, and against the following Green River Correctional Complex (GRCC) employees: Warden Randy White, Lt. Robinson, Lt. Henning, and CO Michael Boarman.[1] He alleges violations of the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; violations of Sections 2 and 10 of the Kentucky Constitution; and violation of "State Regulation Staff sexual misconduct Policy No. 3-22."

In the complaint, Plaintiff alleges that while he was housed at GRCC, Defendant Boarman sexually assaulted him on numerous occasions "without any just cause or provocation being initiated by Plaintiff at any time." Plaintiff claims that Defendant Thompson as Commissioner is responsible for every operation of the institution and should have made sure

---

[1]Throughout the complaint, Plaintiff spells this Defendant's name a variety of ways – "Boarman," "Broaman," and "Borman."

that the incident was properly handled at all levels but she failed to do anything. He claims that Defendant White as Warden is responsible for the day-to-day operation of GRCC and was obligated to make sure that adequate steps and procedures were followed but he failed to act. He contends that Defendant Robinson is in charge of Internal Affairs and failed to properly investigate the matter resulting in Plaintiff being subjected to unwarranted punishment. Finally, he alleges that Lt. Henning failed to properly perform his duties as the investigating officer and investigate the matter.

Plaintiff alleges that "[t]he sexual acts between Officer Broaman and the plaintiff began in late 2009 and carried on up intil October 2010" and that "the internal affairs/warden investigation began in November 2010, until January 2011." He reports that he did not file a grievance because he was told not to by Defendants Robinson and Henning.

As relief, Plaintiff seeks damages and declaratory and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

2

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

*A. 42 U.S.C. § 1983*

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983

actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff reports that the allegations in his complaint began in late 2009 and continued until January 2011. As he knew or should have known of the injury or injuries that formed the basis of the complaint no later than January 2011, his § 1983 claims accrued at the latest in January 2011. The one-year limitations period, therefore, expired in January 2012. Because Plaintiff did not file the complaint until October 27, 2012,[2] the § 1983 claims are time-barred and must be dismissed.

### B. State-law claims

Plaintiff also alleges violations of state law. Because Plaintiff's federal § 1983 claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff signed the complaint on October 27, 2012. On initial screening, the Court presumes this date to be the same date he tendered it to prison officials for mailing.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 23, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005